# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| **PETER PEDERSEN,**<br><br>Plaintiff,<br><br>v.<br><br>**ORACLE CORPORATION,**<br><br>Defendant. | **Case No. 6:22-cv-00410-ADA**<br><br>**PATENT CASE**<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF PETER PEDERSEN'S RESPONSE TO DEFENDANT'S
12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

TABLE OF CONTENTS

I. BACKGROUND ........................................................................................................... 1

II. LEGAL STANDARD ................................................................................................. 1

III. ARGUMENT .............................................................................................................. 2

   A. Pedersen Has Sufficiently Alleged Direct Infringement ...................................... 2

IV. REQUEST TO FILE AMENDED COMPLAINT ................................................... 7

V. CONCLUSION ........................................................................................................... 7

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .................................................................................. 2, 3, 5

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). ...................................................................... 2

*Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496 (5th Cir. 2000) ......................................... 1, 6

*Disc Disease Solutions Inc. v. VGH Solutions, Inc.*, 888 F.3d 1256 (Fed. Cir. 2018) ....................... 6

*Panasonic Corp. v. Magna Int'l., Inc.*, 6:21-cv-00319-ADA, 2022 WL 174513 (W.D. Tex. Jan 20, 2022) ............................................................................................................................................ 2

**Rules**

Fed. R. Civ. P. 12(b)(6) ........................................................................................................................ 7

Fed. R. Civ. P. 8 .................................................................................................................................... 5

Plaintiff Peter Pedersen ("Pedersen") respectfully files this Response ("Opposition") To Defendant's Motion to Dismiss Plaintiff's Complaint ("Defendant's Motion")[1] showing the Court that Defendant's Motion should be denied because Pedersen has plausibly plead his allegations of direct patent infringement. In the alternative, Pedersen seeks leave to replead his allegations.

I. **BACKGROUND**

Oracle's argument that Pedersen has failed to plausibly plead direct infringement in the Complaint[2] is unpersuasive.[3] First, Oracle's request to dismiss the Complaint should be denied because Oracle alleges the Complaint is "conclusory and boilerplate" despite including evidence of Pedersen's detailed documentation of infringement included with the Complaint. Second, Oracle picks-and-chooses portions of Pedersen's claim charts to narrowly construe while ignoring guidance Oracle provides on using the infringing system. Finally, Oracle impermissibly attempts to argue the merits and purporting to require Pedersen to fully prove his case at this initial pleading stage.

For all these reasons, Defendant's Motion should be denied. In the alternative, Pedersen is respectfully asking for leave to replead the complaint.

II. **LEGAL STANDARD**

"A motion to dismiss under rule 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (quoting *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th

---

[1] Doc. No. 10.
[2] Doc. No. 1.
[3] Motion at 2.

1

Cir. 1982)). "The court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Panasonic Corp. v. Magna Int'l., Inc.*, 6:21-cv-00319-ADA, 2022 WL 174513 (W.D. Tex. Jan 20, 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). Plaintiff is not required to provide evidence of infringement at the pleading stage beyond "stat[ing] a claim to relief that is plausible on its face." *Id.* "Courts will not dismiss a claim unless the plaintiff 'would not be entitled to relief under any set of facts or any possible theory that it could prove consistent with the allegations in the complaint.'" *Id.* (quoting *Slyce Acquisition, Inc. v. Syte – Visual Conception, Ltd.*, 422 F. Supp. 3d 1191, 1198 (W.D. Tex. 2019)). Based upon the assumption that all the allegations in the complaint are true, the factual allegations must be enough to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When the nonmovant pleads factual content that allows the court to reasonably infer that the movant is liable for the alleged misconduct, then the claim is plausible on its face. *Iqbal*, 556 U.S. at 678.

### III. ARGUMENT

#### A. Pedersen Has Sufficiently Alleged Direct Infringement

Defendant's argument against the sufficiency of Pedersen's direct infringement allegations is convoluted, entirely based on Defendant's own narrow interpretation of Pedersen's claim chart, and based on a misunderstanding of the legal standard for plausibility of a complaint.

First, Defendant argues "Mr. Pedersen has pleaded himself out of court" because, allegedly, "Mr. Pedersen's conclusory and boilerplate Complaint cannot remedy the implausible

infringement read set forth in Exhibit B."[4] It is not clear how Defendant can allege that Mr. Pedersen's complaint is "conclusory and boilerplate" when Defendant's own Motion includes four pages of excerpts from the complaint showing that it is anything but conclusory.[5] In contrast, Mr. Pedersen's claim chart includes detailed documentation from Defendant's Responsys platform that includes screen captures with emphasized portions of the Responsys platform corresponding to the infringing features of Defendant's products. Defendant cannot deny that Pedersen's claim chart includes such detail because Defendant has provided evidence of this in its own motion.



[6]

Second, Defendant is overly focused on individual features of Pedersen's claim chart instead of the clear evidence provided in the claim chart that provides the "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

---

[4] Doc. No. 10, at 9, 14.
[5] *Id.* at 10-13.
[6] *Id.* at 13.

alleged." *Iqbal*, 556 U.S. at 678. For example, Defendant argues for its claim construction of "individual message generator" by alleging that Responsys does not implement any of the features that were used as part of the infringing Responsys demonstration.[7] Interestingly, Oracle advertises the creation of these disputed functionalities such as Forms, Supplemental Tables, and Delivery Parameters even though Defendant alleges these are not part of the "functionality of Responsys."[8] *See* below.

### Forms

Forms provide a way for you to capture information about your audience. They consist of the form HTML and instructions on what should happen after a visitor submits the form. For example, you can specify that after the form is submitted, a follow-up email is sent to the visitor, the submitted form data is saved to various data sources in your account and the visitor is directed to a custom thank-you page. You can create forms in Oracle Responsys using the Forms wizard accessed from the Forms menu.

**Source:** (https://docs.oracle.com/en/cloud/saas/marketing/responsys-user/FormsWiz.htm)

### Creating Supplemental Tables

A Supplemental Table stores relevant information for each record that can be drawn on for personalization of the campaign message or form document. One or more supplemental data sources can be combined with a distribution list using data extraction fields. Unlike a Profile Extension Table (PET), which stores aggregated data, a Supplemental Table holds unaggregated data. For example, John Doe performed multiple browses or made multiple purchases.

**Source:** (https://docs.oracle.com/en/cloud/saas/marketing/responsys-user/FileNewMethodSelect.htm)

---

[7] Doc. No. 10, at 10.
[8] *Id.* at 13.

> **Targeting and segmentation**
>
> **How do I build an audience for a campaign?**
>
> Audience assembly begins with filtering data to select groups of customers. For simple data relationships, a drag-and-drop tool is available for querying data.
>
> **Filter Designer** lets you select customers that meet specified criteria—for example, customers who live in a given state or are a certain gender. Up to eight criteria can be used in a filter in tandem, and those filters can be merged to develop highly precise audiences using "and," "or," and "minus" operators. For example, you can filter for customers who live in San Francisco **or** New York **and** are above the age of 25 but **minus** those who have not purchased within the past three months. For complex scenarios, SQL can be used to sort data or join groups together.
>
> **Audience Designer** is a drag-and-drop tool that allows you to combine filters to form larger customer groups. Simple "and" and "or" operators allow groups to be included or excluded based on your campaign's goals.

**Source:** (https://www.oracle.com/cx/marketing/campaign-management/responsys-features/#emailmarketing)

Finally, Defendant never explains why Pedersen's allegations are not plausible, but instead attempts to argue the merits. Defendant expects Pedersen to prove all aspects of his case at the pleading stage, which is not required by Rule 8[9] or this Court's Local Rules.

Pedersen has pleaded factual content supported by detailed documentation showing infringement of each and every element of the claims by Defendant's product. *See, e.g.*, an exemplary portion of the claim chart, atop the following page.

---

[9] *Iqbal*, 556 U.S. at 678.



Fig. 1a – Recipient Profile Sign-up Form[10]

"The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true." *Morgan Stanley Dean Witter*, 224 F.3d at 498 (quoting *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982)). The "plausibility standard is met when 'the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Disc Disease Solutions Inc. v. VGH Solutions, Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). Pedersen has gone above and beyond the requirements of the pleading stage. The fact that Defendant disagrees with Pedersen's claim interpretation and

---

[10] Doc. No. 1, Ex. B, 2.

infringement read is not a proper basis for dismissal of the complaint with a 12(b)(6) motion.

For all the foregoing reasons, Oracle's Motion to Dismiss must therefore be denied.

## IV. REQUEST TO FILE AMENDED COMPLAINT

Pedersen believes that he has sufficiently plead direct infringement. However, should the Court be inclined to grant any portion of Oracle's Motion, Pedersen respectfully requests an opportunity to file an amended complaint to correct any identified pleading issues.

## V. CONCLUSION

For all the above reasons, Pedersen respectfully requests that the Court deny Defendant's Motion to Dismiss. In the alternative, Pedersen request the Court to grant leave for Pedersen to amend his Complaint without prejudice.

Dated: July 14, 2022,

Respectfully Submitted

**Ramey LLP**

/s/William P. Ramey
William P. Ramey, III
Texas Bar No. 24027643
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)
wramey@rameyfirm.com

***Attorneys for Peter Pedersen***

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure, I hereby certify that all counsel of record who have appeared in this case are being served on this day of July 14, 2022, with a copy of the foregoing via ECF.

/s/ William P. Ramey
William P. Ramey, III