# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| PETER PEDERSEN, *Plaintiff*, v. ORACLE CORPORATION, *Defendant*. | Civil Action No. 6:22-cv-00410-ADA<br><br>Patent Case<br><br>Jury Trial Demanded |

## ORACLE CORPORATION'S REPLY IN SUPPORT OF 12(b)(6) MOTION TO DISMISS

### I. INTRODUCTION

Mr. Pedersen's Response (Dkt. 16, "Response") reaffirms that his Complaint should be dismissed with prejudice. U.S. Patent No. 6,965,920 (the "'920 patent") claims *"an electronic computer system"* that includes, *inter alia* (1) a "recipient profile application" that receives recipient profiles from recipients and (2) "an individual message generator" that generates emails based on received recipient profiles. Oracle explained in its Motion to Dismiss, Dkt. 10 ("Motion"), that Mr. Pedersen's Complaint and the accompanying claim chart depict *Mr. Pedersen himself* creating a "recipient profile application," and acting as the "individual message generator." He does not identify anything in the accused product, Responsys, that meets these limitations. Critically, Mr. Pedersen does not dispute any of this in his opposition brief.

To be clear, Oracle is not arguing that Mr. Pedersen has to prove his case through the Complaint. But, he does have to *plausibly* allege infringement; he cannot ignore critical limitations or substitute his own actions for those required of the accused product, and then claim Oracle infringes. Because Mr. Pedersen does not—and cannot—identify any feature of the Responsys

1

platform that meets the above limitations, and in fact has pled exactly the opposite, his complaint should be dismissed with prejudice.

## II. ARGUMENT

### A. The Complaint Alleges that Mr. Pedersen Himself Acted As the "Recipient Profile Application" and "Individual Message Generator"

The independent claim of the '920 patent, Claim 1, is directed to "an electronic computer system" for distributing messages in which, *inter alia*, messages are generated based on a profile created by a recipient that specifies where, when, and how such recipient prefers to receive specific types of messages. Mot. at 2. To achieve this, Claim 1 requires "a recipient profile application" and "an individual message generator."

Although Mr. Pedersen accuses Oracle's Responsys platform, the claim chart attached to the Complaint as Exhibit B fails to show that Responsys includes these claimed components, or that Responsys generates messages according to recipient preferences. Instead—because Responsys does not meet the claim limitations—Mr. Pedersen has performed these functions himself. To meet the claimed "recipient profile application" limitation, Mr. Pedersen depicts himself (1) creating a purported recipient sign-up form and (2) entering the questions for a recipient. Mot. at 5-8. Similarly, Mr. Pedersen *himself* acts as the claimed "individual message generator," (1) creating a table called "Peter Test Table," (2) deciding that he wants to send a "Monday email promotion," and (3) (presumably) generating bulk messages to the recipients who had checked "Monday" in the Field of the form he manually created, as discussed above. Mot. at 10-14. He does not identify any part of the accused product that performs these functions, and presumably cannot do so given the way he charted it.

These allegations do not create a plausible theory of infringement, and the Complaint

should be dismissed. *See* Mot. at 13-14. ("No part of Responsys is ever shown to function as an 'individual message generator' using 'the delivery parameters' as required by claim 1.") (citing *TQ Delta, LLC v. 2Wire, Inc.*, 486 F. Supp. 3d 803, 810 (D. Del. 2020) ("Direct infringement of an apparatus claim requires that each and every limitation set forth in a claim appear in an accused product.")); *see also Acceleration Bay LLC v. 2K Sports, Inc.,* 15 F.4th 1069, 1074 (Fed. Cir. 2021) (affirming district court's reasoning that "if a customer, rather than an accused infringer, performs the final step to assemble the system, then the accused infringer has not infringed.").

### B. Mr. Pedersen Does Not Dispute That He Relies Solely On His Own Conduct To Meet The Key Limitations of the '920 Patent.

Mr. Pedersen's Response does not dispute any of the above. Instead, he disputes only the characterization of his Complaint as boilerplate. *See, e.g.*, Resp. at 2, 5. This is beside the point. Rather, as described in the Motion, Mr. Pedersen's Complaint "contains too much rather than too little, to the point that [he] has essentially pleaded [himself] out of court." Mot. at 9 (quoting *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1354 (Fed. Cir. 2021)). The few factual allegations contained in the Complaint are (as Mr. Pedersen concedes) inside the claim chart.[1] And in that claim chart, Mr. Pedersen alleges that his own conduct directly infringes rather than the features of the accused Responsys platform.[2]

---

[1] Mr. Pedersen improperly presents new screenshots from Oracle's website for the first time in his Response. *See* Resp. at 4-5. These may be properly ignored by the Court. *Patterson v. Def. POW/MIA Accounting Agency*, No. SA-17-CV-467-XR, 2017 WL 5586962, at *4 (W.D. Tex. Nov. 20, 2017) (declining to consider plaintiff's allegations raised for the first time in response to motion to dismiss).

[2] Contrary to Mr. Pedersen's assertions, Resp. at 4, there is no claim construction at issue. Even if "individual message generator" was broad enough to include Mr. Pedersen's own conduct, Mr. Pedersen has only charted his own infringing conduct, not infringement by Responsys.

Mr. Pedersen asserts that Oracle is "overly focused on individual features of Pedersen's claim chart," and he urges the Court to consider only the gist of his accusations. Resp. at 3-4. But by relying solely on his own performance of claimed features, Mr. Pedersen has made allegations of direct infringement that are "not even possible, much less plausible." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1354 (Fed. Cir. 2021). Again, direct infringement requires that *the accused system* meet every limitation of an asserted claim. *See* Mot. at 13-14 (citing *TQ Delta, LLC v. 2Wire, Inc.*, 486 F. Supp. 3d 803, 810 (D. Del. 2020)). Mr. Pedersen's own actions are insufficient. Moreover, Mr. Pedersen's (newfound and never-pled) details about how "Forms" and "Supplemental Tables" can be created by a messenger, and how Responsys has a "filter designer" that allows messengers to "select groups of customers" do not remedy the shortcomings in his Complaint and say nothing about the above-discussed claim limitations. They show only that Responsys is customizable. *See* Mot. at 4. The point remains that Pedersen has no basis, and never had a basis, to assert that Responsys meets the limitations.

### C. Mr. Pedersen Should Not Be Granted Leave to Amend

Mr. Pedersen requests leave to amend, but fails to identify what, if anything, he could add to the Complaint. Instead, he argues only that his claim chart meets the pleading standard. It does not. *See supra*. Mr. Pedersen plainly had access to public information about Responsys and how it functions, including access to the Responsys software platform itself. Mot. at 14-15. Even with such access, Mr. Pedersen has not and cannot plead any facts to support his claim of direct infringement. Under these circumstances, leave to amend should be denied, and the claims dismissed with prejudice. Mot. at 15 (citing *Brown v. Tarrant County*, 985 F.3d 489, 498 (5th Cir. 2021)); *see also Maurice v. U.S. Pat. & Trademark Off.*, No. SA-21-CV-00681-XR, 2022 WL

4

875916, at *3 (W.D. Tex. Mar. 23, 2022) (denying leave to amend as futile where claims are "inapplicable to the facts alleged in [the] Complaint").

## III. CONCLUSION

For the foregoing reasons, Defendant Oracle Corporation respectfully requests that the Court grant its motion and dismiss Plaintiff's claims for infringement of the '920 patent under Rule 12(b)(6).

Dated: July 21, 2022

Respectfully submitted,

*/s/ Matthew G. Berkowitz*
Matthew G. Berkowitz

David P. Whittlesey
SHEARMAN & STERLING LLP
300 West 6th Street, 22nd Floor
Austin, TX 78701
Telephone: 512.647.1907
Facsimile: 512.857.6602
David.Whittlesey@Shearman.com

Matthew G. Berkowitz (*pro hac vice*)
Yue (Joy) Wang (*pro hac vice)*
SHEARMAN & STERLING LLP
1460 El Camino Real, 2nd Floor
Menlo Park, CA 94025
Telephone: 650.838.3600
Facsimile: 650.838.3699
Matt.Berkowitz@shearman.com
Joy.Wang@Shearman.com

Aaron L. Morris (*pro hac vice)*
SHEARMAN & STERLING LLP
535 Mission Street, 25th Floor
San Francisco, CA 94105
Telephone: 415.616.1100
Facsimile: 415.616.1339
Aaron.Morris@Shearman.com

*Counsel for Oracle Corporation*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was electronically filed on July 21, 2022, using the Court's CM/ECF system, which will send notification of such filing to all counsel of record who are deemed to have consented to electronic service.

                                                           */s/ Matthew G. Berkowitz*

                                                           Matthew G. Berkowitz